IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                        Case No. 4:19-cr-40007

JAMES EARL BRADFORD                                                                     DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed October 28, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 76.  Judge Bryant recommends denying Defendant James Earl Bradford's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 43) because Defendant has not demonstrated that his counsel's performance was deficient and, accordingly, has not demonstrated that he is entitled to relief under § 2255.  ECF No. 76, at 12.  Defendant has objected.  ECF No. 77.  The Court finds that the matter is ripe for consideration.

**I. BACKGROUND**

On November 21, 2019, Defendant pled guilty to one count of possession with intent to deliver more than 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). ECF No. 25.  The plea agreement contained a waiver of appellate and post-conviction rights which waived, among other things, Defendant's right to directly appeal his conviction and sentence.  ECF No. 25, at 7.  Defendant maintained the right to appeal from a sentence that exceeded the statutory maximum, as well as the right to pursue post-conviction relief via § 2255 based on ineffective assistance of counsel or prosecutorial misconduct.  ECF No. 25, at 7.

Defendant's Presentence Investigation Report (PSR) recommended a United States Sentencing Guidelines range of 188 to 235 months imprisonment.  Prior to sentencing, Defendant's

counsel (pre-conviction counsel) filed objections to the PSR and requested a downward variance, citing Defendant's role as a father to 14 children, his age (60 years old at the time of sentencing), and his poor health.  On November 12, 2020, due to the ongoing COVID-19 pandemic, the Court held Defendant's sentencing hearing via video.  The Court reviewed the plea agreement with Defendant, including the appeal rights that Defendant would waive by signing the agreement.  Ultimately, the Court accepted Defendant's guilty plea and varied downward, sentencing Defendant to 132 months imprisonment.

On September 17, 2021, Defendant, appearing pro se, filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 43.  In that motion, Defendant argued that his sentence should be vacated because pre-conviction counsel was ineffective by failing to file an appeal, coercing Defendant to enter a guilty plea, and failing to object to the Court's consideration of relevant conduct at sentencing.  ECF No. 43.  The Court subsequently appointed counsel (post-conviction counsel) for Defendant, and on November 22, 2021, post-conviction counsel filed a supplement to Defendant's Motion to Vacate.  ECF No. 52.  In the supplement, post-conviction counsel reasserted that pre-conviction counsel was ineffective for failing to appeal Defendant's sentence and coercing a guilty plea, abandoning any argument regarding a failure to object to relevant conduct at sentencing.  ECF No. 52.  The government responded.  ECF No. 53.

On September 7, 2022, the parties appeared before Judge Bryant for a hearing on Defendant's motion.  ECF No. 71.  Judge Bryant heard testimony from Defendant, pre-conviction counsel, and Titania Walker, the mother of one of Defendant's children.  Judge Bryant directed the parties to submit supplemental briefing on the issue of whether pre-conviction counsel "had a duty to consult with [Defendant] regarding his right to appeal his sentence."  ECF No. 72, at 1.

Both parties submitted the requested briefing. *See* ECF Nos. 72, 73. Then, finding that the matter was ripe for consideration, Judge Bryant issued the instant Report and Recommendation. ECF No. 76.

Judge Bryant, outlining the parameters of an ineffective assistance of counsel claim, explains that Defendant can show that pre-conviction counsel was ineffective in two ways: (1) Defendant directed pre-conviction counsel to file a notice of appeal, and pre-conviction counsel failed to do so, or (2) pre-conviction counsel did not advise or consult with Defendant regarding Defendant's appellate rights and should have appealed, but did not. Judge Bryant first concludes that Defendant did not specifically direct pre-conviction counsel to appeal, and therefore, pre-conviction counsel cannot be ineffective for ignoring a directive that Defendant did not give. Judge Bryant then concludes that pre-conviction counsel was not ineffective for failing to consult with Defendant or appeal Defendant's sentence. In reaching this conclusion, Judge Bryant explains that a constitutional duty to consult with a client about the client's right to appeal arises in only two scenarios: (1) when there is reason to believe that a rational defendant would want to appeal, or (2) when the defendant reasonably demonstrated to counsel that he was interested in appealing. Judge Bryant finds that neither scenario occurred here. Therefore, Judge Bryant concludes that because Defendant cannot demonstrate that pre-conviction counsel's performance was deficient, Defendant is unable to demonstrate that he is entitled to relief pursuant to § 2255.

Defendant timely objected to Judge Bryant's Report and Recommendation. ECF No. 77. In his objection, Defendant presents only one argument: pre-conviction counsel's failure to file an appeal constitutes ineffective assistance of counsel.[1] In Defendant's view, pre-conviction counsel had a constitutional obligation to consult with Defendant about the possibility of appealing

---

[1] In his objection to Judge Bryant's Report and Recommendation, Defendant abandons any argument that pre-conviction counsel coerced him to plead guilty.

because: (1) Defendant believed that he would receive a 5- to 10-year sentence of imprisonment and, instead, received a 132-month (11-year) sentence of imprisonment; (2) pre-conviction counsel informed Defendant that he would visit Defendant after sentencing but did not; (3) the Court's statements at sentencing regarding Defendant's appeal rights are insufficient to substitute pre-conviction counsel's duty to consult with Defendant; (4) the appeal waiver in Defendant's plea agreement did not eliminate pre-conviction counsel's duty to discuss a possible appeal with Defendant; and (5) Defendant (and Titania Walker) attempted to contact pre-conviction counsel after Defendant's sentencing to discuss Defendant's interest in appealing, but pre-conviction counsel was unavailable.  ECF No. 77, at 4-7.

### III. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  After conducting an appropriate review of a magistrate's report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." *Id.*  "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, to trigger de novo review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  "Under de novo review, a reviewing court 'makes its own determinations of disputed issues and does not decide whether the magistrate[ ] [judge's] proposed findings are clearly erroneous.'" *United States v. Fleming*, No. 8:22-cr-59, 2022 WL 3595204, at *2 (D. Neb. Aug. 23, 2022) (alterations in original) (emphasis omitted) (citation omitted).  Here, because

Defendant timely objected to Judge Bryant's report and recommendation, the Court will conduct a de novo review of that report and recommendation pursuant to § 636(b)(1).

## IV. ANALYSIS

The Court finds that Defendant is not eligible for post-conviction relief pursuant to 28 U.S.C. § 2255. "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 668, 694 (1984)). In evaluating the sufficiency of counsel's performance, the Court considers that performance "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. The Court's "scrutiny" of such performance "must be highly deferential." *Id.* at 689.

Here, the parties agree that Defendant did not expressly direct pre-conviction counsel to file an appeal, and instead, Defendant argues that pre-conviction counsel should have consulted with him after the sentencing hearing.[2] Thus, the Court must only determine whether "counsel [is] deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other." *Flores-Ortega*, 528 U.S. at 477. The first step in the *Flores-Ortega* analysis is to determine whether pre-conviction counsel consulted with Defendant, meaning whether pre-conviction counsel "advis[ed] the defendant about the advantages and disadvantages of taking an appeal and ma[de] a reasonable effort to discover the defendant's wishes." *Id.* at 478. Defendant testified that no post-sentencing consultation occurred, and pre-conviction counsel

---

[2]It it is unreasonable for counsel to fail to file an appeal after his client has instructed him to do so, even when a defendant pleads guilty and the plea agreement contains plea waivers. *See Flores-Ortega*, 528 U.S. at 477; *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019). However, because the parties agree that Defendant did not instruct pre-conviction counsel to file an appeal and "[c]ounsel cannot act on an instruction that is not received, either orally or in writing," the Court need only consider whether pre-conviction counsel was deficient where Defendant did not clearly convey his desire to appeal or not appeal. *See Flores-Ortega*, 528 U.S. at 477.

5

testified that he has "no specific memory" of whether he met with Defendant after Defendant's sentencing.

Assuming that pre-conviction counsel did not consult with Defendant, the Court must ascertain "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* at 478. Pre-conviction counsel had an obligation to consult with Defendant regarding an appeal if: (1) a rational defendant (in Defendant's position) would want to appeal, or (2) Defendant "reasonably demonstrated to [pre-conviction] counsel that he was interested in appealing." *Id.* at 480. Relevant to the Court's consideration is "the information [pre-conviction] counsel knew or should have known" at the time. *Id.* "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.*; *see also Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007) ("This inquiry is informed by several 'highly relevant' factors, including: whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and 'whether the plea [agreement] expressly . . . waived some or all appeal rights.'" (alterations in original) (quoting *Flores-Ortega*, 528 U.S. at 480)). This analysis is flexible and contemplates the totality of the circumstances particular to a defendant. *See Flores-Ortega*, 528 U.S. at 480-81. The Supreme Court has declined to impose a per se rule that counsel must *always* consult with his client, but it has expressed an expectation "that courts evaluating the reasonableness of counsel's performance using the inquiry . . . will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481.

The Supreme Court and the Eighth Circuit have provided guidance as to when it might be

reasonable for counsel to not consult with a defendant concerning that defendant's appeal rights. *See id.* at 479 (hypothesizing that it would be reasonable for counsel to not consult with a defendant where that defendant plead guilty, received the expected sentence, "[did] not express any interest in appealing," and "counsel conclude[d] that there are no nonfrivolous grounds for appeal"); *Green v. United States*, 323 F.3d 1100, 1103-04 (8th Cir. 2003) (relying on *Flores-Ortega*'s hypothetical and finding that counsel did not act unreasonably by not consulting with the defendant where the defendant received sentence at low end of Guidelines range). In *Otero v. United States*, the Eleventh Circuit found that counsel acted reasonably by not consulting with the defendant where the defendant pled guilty, had a Guidelines range of 135 to 169 months imprisonment, received a sentence of 135 months imprisonment, and the plea agreement contained a "broad appeal waiver," rendering any possible appeal "frivolous." 499 F.3d at 1271.

Here, the Court finds that a rational defendant in Defendant's position would not want to appeal. Defendant waived most of his direct appeal rights, although he maintained the right to directly appeal a sentence exceeding the statutory maximum. The Court did not impose a sentence exceeding the statutory maximum but rather, selected a sentence 56 months shorter than the low end of Defendant's Guidelines range. Although it is not dispositive that Defendant pled guilty and waived most of his appeal rights, it is "highly relevant." *Flores-Ortega*, 528 U.S. at 480.

Having found that a reasonable defendant in Defendant's position would not have wanted to appeal, the Court must next determine whether Defendant reasonably demonstrated to pre-conviction counsel that he was interested in appealing. Some facts associated with a "reasonable demonstration" include his receipt of a longer-than-expected sentence, expression of outrage or distress at his sentencing hearing, or mention of his interest in appealing. *See, e.g.*, *United States v. Shedrick*, 493 F.3d 292, 301 (3d Cir. 2007) (finding reasonable demonstration

7

where defendant "vehemently contest[ed] the factual issues that led to his upward departure throughout the [d]istrict [c]ourt proceedings" and the district court "specifically informed counsel . . . of [the defendant's] desire to appeal by leaving a message on counsel's phone"); *United States v. Cong Van Pham*, 722 F.3d 320, 325 (5th Cir. 2013) (finding reasonable demonstration where defendant received a longer sentence than he "had hoped" for, was "visibly upset" at sentencing, and "brought up that he was concerned about [his sentence] and wanted to do something to get less time").

      Here, the Court finds that Defendant did not reasonably demonstrate a desire to appeal. Defendant's recommended Guidelines range was 188 to 235 months imprisonment, and the Court sentenced Defendant to 132 months imprisonment. Defendant testified that he did not write to or call pre-conviction counsel following his sentencing hearing.[3] Titania Walker testified that she called pre-conviction counsel twice after the sentencing hearing to discuss Defendant's desire to appeal. However, she also testified that when pre-conviction counsel did not answer her calls, she did not specify that she was calling to discuss Defendant's intention to appeal. Pre-conviction counsel testified that he does not remember receiving any voicemails from Titania Walker. In short, Defendant received a better-than-expected sentence, did not contact pre-conviction counsel following his sentencing hearing, and did not otherwise express any dissatisfaction with the outcome of his case. The Court recognizes that communicating with counsel while incarcerated poses certain challenges, but on the instant record, the Court finds that Defendant made no meaningful effort to alert pre-conviction counsel of his desire to appeal his sentence.

      Thus, because the Court finds that a reasonable defendant in Defendant's position would not want to appeal and that Defendant did not make a reasonable demonstration of his desire to

---

[3] Defendant testified that he asked to call pre-conviction counsel while incarcerated but was not able to.

8

appeal, it was reasonable for pre-conviction counsel to not consult with Defendant. Consequently, pre-conviction counsel's performance was not deficient, and the Court declines to reach the prejudice prong. *See Strickland*, 466 U.S. at 690; *see also McKanry v. United States*, No. 4:12-cv-64, 2015 WL 475970, at *2 (E.D. Mo. Feb. 4, 2015) ("A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong.").[4]

## V. CONCLUSION

For the above-stated reasons and upon de novo review of all issues related to Defendant's specific objections, the Court finds that Defendant cites no mistake of fact or law that prompts the Court to deviate from the instant Report and Recommendation. Accordingly, the Court hereby overrules Defendant's objections and **ADOPTS** the Report and Recommendation (ECF No. 76). Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 43) is hereby **DENIED**. No certificate of appealability shall issue.

**IT IS SO ORDERED**, this 13th day of December, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] The Court notes that "a defendant satisfies the second *Strickland* prong if he shows 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' The defendant does not have to show that 'his hypothetical appeal might have had merit.' This second-prong prejudice test 'applies even where a defendant has waived his right to direct appeal and collateral review.'" *Cong Van Pham*, 722 F.3d at 324 (citations omitted).